# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KEITH S. KELLY and**
**MARGARET M. KELLY,**
                                    **Plaintiffs,**

                    **v.**                                   **Case No. 09C1026**

**CAPITAL ONE, N.A.,**
                                    **Defendant.**

---

## DECISION AND ORDER

Pursuant to § 1640 of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq.,

plaintiffs Keith S. and Margaret M. Kelly bring this action against defendant Capital One,

N.A.,[1] the successor to Chevy Chase Bank F.S.B. ("Chevy Chase"), alleging that Chevy

Chase violated TILA and seeking rescission of their mortgage loan.  Defendant moves to

dismiss on the ground that the suit is untimely and alternatively for a change of venue, and

plaintiffs move for summary judgment on the merits of their claim.  With respect to

defendant's motion to dismiss, both parties have submitted material outside the pleadings.

Therefore, pursuant to Fed. R. Civ. P. 12(d), I will treat the motion as one for summary

judgment.

## I.  FACTS

On June 9, 2005, Chevy Chase issued a mortgage loan to plaintiffs on their home

in Virginia.  On January 16, 2007, in <u>Andrews v. Chevy Chase Bank, FSB</u>, 24 F.R.D. 612

---

[1] Plaintiffs name other parties as defendants but appear to agree that Capital One, N.A. is the only proper defendant.  Therefore, I will dismiss plaintiffs' claims against the other defendants and amend the caption accordingly.

(E.D. Wis. 2007), pursuant to Fed. R. Civ. P. 23(b)(2), I certified a class consisting of individuals to whom Chevy Chase had provided documents that failed to comply with TILA's loan disclosure requirements and who wished to rescind their mortgage loans. Chevy Chase sought leave to appeal my decision, and on February 2, 2007, the Seventh Circuit granted such leave.  Plaintiff Keith Kelly states that he read an article about the Andrews case and contacted Andrews class counsel Kevin Demet.  He states that Demet sent him a copy of my decision, and that he concluded that his loan documents suffered from the same defect as in Andrews and that he was a member of the Andrews class.

On April 20, 2008, plaintiffs demanded that Chevy Chase rescind their mortgage loan, and on April 25, 2008, Chevy Chase declined to do so.  On September 24, 2008, the Seventh Circuit reversed my decision certifying a class, holding that TILA does not authorize class actions where the remedy sought is rescission of the mortgage loan.  The court remanded the case with instructions to vacate the order.  Andrews v. Chevy Chase Bank, 545 F.3d 570, 578 (7th Cir. 2008).  On November 10, 2008, the Seventh Circuit issued its mandate, and on November 12, 2008, I received the mandate.  Chevy Chase did not ask me to sign an order formally decertifying the class, and I have not done so.

Kelly states that when he initially contacted Demet in early 2008, he "was advised that there would be a notice coming from the court consistent with the Andrews decision." (Feb. 12, 2010 Kelly Aff. ¶ 2.)   He also states that after advising Chevy Chase that they wished to rescind, he and his wife "waited to hear from the court."  (Id. at ¶ 3.)  Finally, he states that:

> After not hearing anything regarding the class action, I contacted Kevin Demet's office in late September 2009 to inquire about the status of the class action.  At that time, I was informed that the class action was denied, and I

could file an individual suit. On October 9, 2009, I retained Attorney Kevin Demet to file this lawsuit.

(Id. ¶ ¶ 4 & 5.)   On October 29, 2009, plaintiffs filed the present suit.

I will state additional facts in the course of the decision.

## II. DISCUSSION

I will address defendant's motion raising the untimeliness issue first because it is dispositive. I may grant the motion only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In evaluating the motion, I take the evidence and all reasonable inferences from the evidence in the light most favorable to plaintiffs. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A TILA plaintiff has one year from the date of the violation to bring a lawsuit. 15 U.S.C. § 1640(e). The parties agree that in the present case, the one year period commenced on April 25, 2008, the date that defendant denied plaintiffs' request to rescind their loan. See Belini v. Wash. Mut. Bank F.A., 412 F.3d 17, 26-28 (11th Cir. 2005). The parties also agree that under the doctrine of American Pipe & Construction Co. v. Utah, 414 U.S. 538, 554 (1974) and Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 351-54 (1983), the one year period was tolled, i.e., suspended while Andrews proceeded as a class action. Thus, the parties do not dispute that the one year limitations period was tolled between April 25, 2008 and the date that Andrews lost its class action status.

However, the parties disagree about when for purposes of the statute of limitations Andrews lost its class action status. Defendant contends that Andrews lost its class action

3

status on September 24, 2008, when the Seventh Circuit reversed my class certification decision and that the previously tolled one year limitations period began running on that date. Plaintiffs argue that, at the earliest, the limitations period began to run on November 10, 2008, when the Seventh Circuit issued the mandate, and that because I have not entered a formal decertification order or required the Andrews plaintiffs to provide notice of the Seventh Circuit's decision to class members, it may not have begun to run at all.

I conclude that tolling ended and the one year statute of limitations commenced running on September 24, 2008, when the Seventh Circuit held that TILA did not authorize rescission class actions and reversed my decision certifying a class. In the Seventh Circuit, "the statute of limitations is tolled for class members until it is determined that the case cannot proceed as a class action." Elmore v. Henderson, 227 F.3d 1009, 1012 (7th Cir. 2000). In the present case, it was determined that Andrews could not proceed as a class action on September 24, 2008, when the Seventh Circuit resolved the issue. Thus, American Pipe tolling ended on that date; see also Hemenway v. Peabody Coal Co., 159 F.3d 255, 264-65 (7th Cir. 1998) (stating that tolling lasts "until class certification is denied," or in slightly different words, until the court "declines to certify the case as a class action"). In the present case, when the court of appeals reversed the decision granting class certification, it effectively "denied" class certification.

The purpose of tolling is to encourage putative class members to rely on a class action in which they reasonably expect to obtain relief rather than filing individual suits prior to the running of the statute of limitations in order to protect themselves in case class certification is later denied. Elmore, 227 F.3d at 1012. When the Seventh Circuit issued its decision holding that TILA did not authorize rescission class actions, plaintiffs no longer

4

had reason to rely on the Andrews class action to advance their rescission claim. Thus, the one year period commenced running on that date. See also Davis v. U.S. Steel Corp., 528 F. Supp. 220, 222 (E.D. Pa. 1981) (stating that tolling ends when the court of appeals issues a decision denying class certification because the decision puts the plaintiffs "fairly on notice" that they must prosecute their claims individually, whereas the issuance of the mandate is merely a "formality"); Womack v. UPS, Inc., 311 F. Supp. 2d 492, 497-98 (E.D.N.C. 2004) (stating that tolling ends when it becomes apparent that an individual plaintiff's claims can no longer be vindicated by the class action); 1 Joseph M. McLaughlin, McLaughlin on Class Actions § 3:15 (6th ed. 2009) (stating that "where the rejection of class certification occurs first in the court of appeals, American Pipe tolling should end, and the statutes of limitations on the putative class members' individual claims once again begin to run on the date the court of appeals issues its decision not when the mandate issues in the court of appeals").[2]

Plaintiffs seem to suggest that tolling continues until class members receive notice of decertification. I disagree. Although arguably, under Culver v. City of Milwaukee, 272 F.3d 908 (7th Cir. 2002), I should have ordered the Andrews plaintiffs to provide notice to class members (contrary to the information plaintiffs state they received, courts do not

---

[2]Whether it is reasonable for a class member to continue to rely on a class action after decertification may depend on the reason for decertification. Where a court decertifies a class action on narrow grounds such as, for example, that the class is too broad but indicates that with a narrower class the action could proceed, it may be reasonable for a putative member of the narrower class to continue to rely on the class action. See, e.g., Initial Pub. Offering Secs. Litig., 617 F. Supp. 2d 195, 200 (S.D.N.Y. 2008). In the present case, it would have been unreasonable for any class member to continue to rely on the class action after the Seventh Circuit's decision because the decision absolutely precluded rescission class actions under TILA.

5

provide such notice), American Pipe tolling does not continue until class members receive notice. Id. at 914-15; see also McLaughlin, supra, § 3:15 (stating that "[t]here is general agreement that notice does not need to be sent to class members that certification has been denied").[3]

Nor are plaintiffs entitled to the benefit of equitable tolling. First, they fail to argue that they are entitled to such benefit and therefore waive the argument. See Scruggs v. Garst Seed Co., 587 F.3d 832, 843 (7th Cir. 2009) (holding that an argument not addressed in a party's brief is waived). Further, the facts do not support equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (stating that litigant seeking equitable tolling must establish that he pursued his rights diligently and that some extraordinary circumstance stood in his way). Plaintiffs discovered the existence of the Andrews class action in February 2008, a year and a half before the statute of limitations ran on their individual claims, and they were in contact with the lawyer handling the Andrews case. With very little effort, they could have kept track of the progress of the case.

### III. CONCLUSION

Because American Pipe tolling ended, and the one year limitations period commenced running on September 24, 2008, and plaintiffs did not file the present action until October 29, 2009, more than one year later, their suit is untimely.

---

[3]Although the responsibility for determining whether to order plaintiffs to provide notice of the Seventh Circuit's decision was mine, I note that the Seventh Circuit did not direct me to do so. I will not analyze at this late date whether there was a risk of prejudice to Andrews class members from not receiving notice of the Seventh Circuit's decision other than to note that because the Seventh Circuit granted defendant's request for an interlocutory appeal, class members never received notice that a class had been certified in the first place. See Culver, 227 F.3d at 914-15.

6

Therefore,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED**, and this case is

**DISMISSED.**

Dated at Milwaukee, Wisconsin this 26 day of May, 2010.

/s_____
LYNN ADELMAN
District Judge

7